IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AUNDEL BENOIT, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CASE NO. 2:19-CV-560-WKW [WO] |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondents. | ) | |

# **ORDER**

The Magistrate Judge has entered a Recommendation that Petitioner Aundel Benoit's 28 U.S.C. § 2255 motion be dismissed because this court is without jurisdiction to consider his challenge to his conviction entered by the District Court of the Virgin Islands and the interest of justice does not warrant a § 1631 transfer to that court. (Doc. # 6.) Plaintiff has filed objections. (Doc. # 8.) Based upon an independent and *de novo* review of the Recommendation, *see* 28 U.S.C. § 636(b), the court finds that the Recommendation is due to be adopted with one modification.

In addition to the Magistrate Judge's findings, the court finds that transfer is futile because this petition was time-barred when filed. As noted by the District Court of the Virgin Islands, Mr. Benoit's filing deadline was October 6, 2015. *United States v. Benoit*, 2018 U.S. Dist. LEXIS 169297, at *2 n.6 (D.V.I. Sept. 24, 2018). "If applicable, a transfer under § 1631 would not benefit" Mr. Benoit

"because his application, in addition to being second or successive, was indisputably time-barred." *See Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (affirming the district court's dismissal and denial of a transfer under § 1631 because the limitations period for one petitioner had expired before his second filing).

Accordingly, it is ORDERED as follows:

(1) Plaintiff's Objections (Doc. # 8) are OVERRULED;

(2) The Recommendation (Doc. # 6) is ADOPTED as MODIFIED herein; and

(3) Petitioner's 28 U.S.C. § 2255 motion is DISMISSED.

Final judgment will be entered separately.

A certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which

the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Because reasonable jurists would not find the denial of Petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

DONE this 18th day of October, 2019.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE